UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) No.   16 CV 08012 |
| v. | ) |
| | ) JUDGE ANDREA R. WOOD |
| CITY OF CHICAGO, a municipal corporation, | ) MAGISTRATE JUDGE JEFFREY T. GILBERT |
| GARRY F. McCARTHY, former Superintendent | ) |
| of Police of the City of Chicago, | ) |
| JOHN J. ESCALANTE, former Interim | ) |
| Superintendent of Police, EDDIE T. JOHNSON, | ) |
| Superintendent of Police, JUAN RIVERA, | ) |
| Chicago Police Chief, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS FRATERNAL ORDER OF POLICE,
CHICAGO LODGE NO. 7's and RAY CASIANO, JR.'s
<u>MOTION FOR SANCTIONS</u>**

Defendants, the Fraternal Order of Police, Chicago Lodge No. 7 and Ray Casiano, Jr. ("FOP Defendants"), by and through their attorneys, move, pursuant to 28 U.S.C., Section 1927 for sanctions against Robert D. Shearer for his vexatious multiplication and delay of this matter and for his pursuit of various claims without plausible legal or factual basis. In support of this Motion, FOP Defendants state:

<u>**Original Complaint**</u>

1.      This action was originally filed on August 10, 2016 as an 187 paragraph, 11 count, 43 page Complaint alleging violation of due process, intentional and negligent infliction of emotional distress, conspiracy via 42 USC 1983 and indemnification against sixteen defendants (including the FOP Defendants); malicious prosecution, abuse of process and defamation and libel

against City of Chicago, Chicago Police Board and Chicago Police Superintendent; fraud and assault and battery against Defendant DeVito; and assault against Defendant Zayas (Dkt. No. 1) . All of these claims related to Gonzalez's employment with and ultimate termination from the City of Chicago, Chicago Police Department.

**Motions to Dismiss**

2.  On October 11, 2016, FOP Defendants filed a Motion to Dismiss (Dkt. No. 20). FOP Defendants' Motion to Dismiss was largely based on the fact that Plaintiff's claims against the FOP Defendants are governed by labor law and untimely. In addition, three separate Motions to Dismiss were filed by the other Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. Nos. 25, 32, 39).

3.  On March 16, 2017, Plaintiff filed a Response to all of the Defendants' Motions to Dismiss (Dkt. Nos. 53, 55, 57, 59). On April 20, 2017, the Defendants filed Reply Briefs (Dkt. Nos. 70-72).

**Motion for Leave to File a Second Amended Complaint**

4.  On May 5, 2017, before the Court ruled on the fully-briefed Motions to Dismiss, Plaintiff filed a Motion to File a Second Amended Complaint and attached a proposed 78-page Seconded Amended Complaint with 18 Counts - none of which contained proper legal or factual support (Dkt. No. 73). On May 11, 2017, in lieu of denying the motion as premature since the four Motions to Dismiss had not yet been decided, the Court took the Plaintiff's Motion for Leave to File

a Second Amended Complaint under advisement, and ordered any additional responses to the Motion to be filed by May 25, 2017 (Dkt. No. 76).[1]

5. On May 25, 2017, the remaining Defendants, including the FOP Defendants, filed their Briefs in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. Nos. 79 -80). In addition to objecting to Plaintiff's Motion based on the absence of factual or legal support for the proposed Plaintiff's Second Amended Complaint, the FOP Defendants also requested the Court hold Plaintiff's counsel responsible for unnecessarily duplicating the cost of the litigation pursuant to 28 U.S.C. §1927. (Dkt. 80).[2]

**Judge Coleman Sanctions Plaintiff's Counsel in September, 2017**

6. While the Motions to Dismiss and Motion for Leave to File Second Amended Complaint were pending in this Court, Judge Coleman imposed sanctions on Plaintiff's counsel for unfounded pleadings filed in a case before her. *See*, Case No. 1:15-cv-11074, *Momo Enterprise, LLC, Anastacio Gonzalez, Playa Lunge, LLC v. Banco Popular of North America Inc., et al.* (Dkt. No. 157, a copy of the Memorandum Opinion and Order is attached hereto as Ex. A). Specifically, in response to three motions for sanctions, on September 30, 2017, Judge Coleman found "that a reasonable attorney, after an investigation into the relevant law and facts, would not have filed a

---

[1] Defendant Sergeants and Supervisors filed a Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint on May 10, 2017 (Dkt. No. 73).

[2] Despite the FOP Defendants' position from the outset of this litigation that all claims made against them were untimely, while their Motion to Dismiss was pending, they were forced to respond to Plaintiff's Motion to File a Second Amended Complaint (Dkt. No. 80), discovery requests (Dkt. No. 81), and attend various hearings (Dkt. Nos. 85, 95, 98).

majority of the claims in the SAC [second amended complaint]." (Ex. A, p.5). Judge Coleman imposed sanctions upon Plaintiff's counsel to make sure "that Plaintiff's counsel, as a proponent of the positions in the SAC, incurs the cost of investigating and responding to the relevant facts and law." (Ex. A, p. 7).

### Court's Ruling on Motions to Dismiss and Leave to File Amended Complaint

7.  Six months after Judge Coleman's ruling, on March 30, 2018, this Court granted the FOP Defendants' Motion to Dismiss as to all claims; granted all of the other Defendants' Motions to Dismiss, at least in part; and granted the Plaintiff leave to file a Second Amended Complaint taking "into account this Court's ruling regarding the amended complaint." (Dkt. No. 110).[3] Regarding the Amended Complaint, the Court further stressed as follows: "Gonzalez may not simply group all Defendants together and accuse them all, broadly, of intentionally inflicting emotional distress, as he has done in his current complaint." The Court provided the Plaintiff with leave to file the Second Amended Complaint by April 23, 2018.

### FOP Defendants' Notice to Plaintiff's Counsel Regarding Sanctions

8.  On April 6, 2018, in response to Plaintiff's email requesting that the Defendants' agree to an extension of time in which Plaintiffs would file his Second Amended Complaint, FOP Defendants' counsel objected to an extension and reiterated their position that the Plaintiff's claims against the FOP Defendants are governed by labor law and are untimely. The FOP Defendants further advised they take exception to Plaintiff's inclusion of all Defendants in generalized claims

---

[3] As indicated previously, the Court dismissed all Counts of the Complaint which relate to FOP Defendants. The assault and battery claim which remained is based on an incident in which the FOP Defendants had no involvement as alleged by Plaintiff (Dkt. No. 110).

that have nothing to do with the FOP and if the Plaintiff continues to cause "unreasonable and excessive costs to [their] client due to imprecise and factually unsupported pleadings, the FOP Defendants will pursue sanctions under Rule 11 and/or 28 USC Section 1927." (A copy of the April 6, 2018 email is attached hereto as Exhibit B.)

**Plaintiff's Motion for an Extension to File Second Amended Complaint**

9. On April 11, 2018, Plaintiff filed a Motion for an Extension requesting 60 days from April 23, 2018 (to June 23, 2018) to file the Second Amended Complaint (Dkt. Nos. 113). On April 12, 2018, in discussing Plaintiff's request for more time, the Court "strongly encouraged" Plaintiff's counsel to "streamline the case" with respect to the number of claims and/or defendants. (See, Attachment E to Plaintiff's Amended Rule 60(b)(6) Motion). The Court granted the motion in part, over the FOP's objection, directing the Plaintiff to file the Second Amended Complaint by June 1, 2018 and stating that date was firm (Dkt. No. 115).

**Plaintiff's Motion to Compel**

10. On May 8, 2018, without a Complaint on file, Plaintiff filed a Motion to Compel against <u>all</u> Defendants to Produce Inventory of Plaintiffs Personal Property and Financial Report Related to Monies Due and Owing (Dkt. No. 116).

11. On May 9, 2018, FOP Defendants' counsel emailed Plaintiff's counsel and noted:

> Despite being instructed by the Court to specifically identify which of the multiple Defendants are the subject of your claim, you once again have brought your motion generally against all Defendants. Further, you have been repeatedly advised by my partner and me that our clients, FOP Lodge 7 and Casiano ("FOP Defendants"), are not in possession or control of the items sought by your production request.

5

FOP Defendants' counsel concluded the email stating that if Plaintiff did not amend the Motion to Compel to exclude FOP Defendants, the FOP Defendants would request that the Court enter sanctions. (A copy of the May 9, 2018 email is attached hereto as Exhibit C; copies of April 8 and April 25, 2018 emails directing Plaintiff's counsel to the Chicago Police Department regarding record inquiries and advising that the FOP Defendants are not in possession of Chicago Police Department records are also attached hereto as Exhibit D). Plaintiff's counsel did not respond or otherwise contact FOP Defendants' counsel concerning any of these emails.

### Plaintiff's Second Request for An Extension to File Second Amended Complaint

12. On May 15, 2018, during the hearing on Plaintiff's Motion to Compel, Plaintiff requested another extension to file the Second Amended Complaint from June 1, 2018 to June 15, 2018. The Court granted the request and again stated this was a "firm deadline" (Dkt. No. 122). The Court also directed Defendant City of Chicago to retain property Plaintiff claimed remained in its possession (Id.).

### City of Chicago Defendant Requests All Other Defendants Be Dismissed From Motion to Compel

13. On May 18, 2018, Plaintiffs' counsel sent an email to all Defendants suggesting a meeting to discuss property/documents in the City's possession. In response, FOP Defendants' counsel stated: "As we have stated previously, these matters do not pertain to the FOP Defendants. Accordingly, there is no reason for us to attend the meeting." (A copy of the May 18, 2018 email exchange is attached hereto as Exhibit E). Plaintiff's counsel did not respond to the FOP Defendants' email.

14. On May 20, 2018, in response to the City of Chicago counsel's specific request that Plaintiff release the other Defendants from Plaintiff's Motion to Compel since "[t]he other Defendants are not proper parties to your Motion," Plaintiff's counsel stated:

> For the reasons mentioned in our pending Motion to Compel, which was entered and continued by Judge Wood, we do not agree to release the rest of the Defendants as Respondents to that motion, especially since the other Defendants have knowledge of these matters....

(A copy of the May 20, 2018 email is attached hereto as Exhibit F).

15. On May 21, 2018 FOP Defendants' counsel emailed Plaintiff's counsel and requested the following:

> In light of your response to Mr. Bereyso, please provide me with all facts to support your assertion that my clients, FOP Defendants, "have knowledge of these matters" which are the subject of your motion to compel.

(A copy of the May 21, 2018 email response to May 20, 2018 email is a part of Exhibit F).

16. On May 21, 2018, Plaintiff's counsel responded to FOP's request for evidence supporting the inclusion of the FOP Defendants' in his Motion to Compel in an email to all Defendants as follows: "Related to the FOP Defendants questions: please refer to our pending Motion to Compel and our Reply, as well as to your policies, procedures and relevant documentation related to this case." (A copy of the May 21, 2018 email is attached hereto as Exhibit G).

17. On June 7, 2018, FOP Defendants' counsel wrote to Plaintiff's counsel and stated that there is nothing in the Plaintiff's Motion to Compel or Reply briefs that support a cause of action against the FOP Defendants. FOP Defendants' counsel also reiterated that any alleged cause of

7

action against the FOP Defendants is grounded in labor law and is untimely. (A copy of the June 7, 2018 correspondence is attached hereto as Exhibit H).

18. On June 7, 2018, during the hearing on Plaintiff's Motion to Compel, FOP Defendants' counsel reported to the Court that the FOP Defendants have repeatedly advised the Plaintiff's counsel that they have no involvement in Plaintiff's property/document dispute with the City of Chicago, yet Plaintiff's counsel continues to include FOP Defendants in the litigation. FOP Defendants' counsel requested that Plaintiff pay for the unnecessary time spent on Plaintiff's motion. The Court suggested filing a motion if the FOP Defendants want to pursue sanctions against Plaintiff's counsel (Dkt. 130, Exhibit I).

### Court Struck Deadline on Which to File Seconded Amended Complaint

19. During the hearing on June 7, 2018, the Court also directed Plaintiff and Defendant City of Chicago to exchange letters related to Plaintiff's property and struck the June 15, 2018 deadline to file the Amended Complaint until further order of the court (Dkt. No. 124).

### Plaintiff's Rule 60(b) Motion Against All Defendants

20. On July 16, 2018, Plaintiff filed a 23 page Motion pursuant to Federal Rule of Civil Procedure 60(b) requesting that the Court declare its March 30, 2018 Order void pursuant to an alleged violation of Plaintiff's due process rights, including fraud upon the Court by certain Defendants. None of the Plaintiff's allegations in said motion related to the FOP Defendants (Dkt. No. 129).

### Court Sets New Date on Which to File Seconded Amended Complaint

21. On July 17, 2018, the Court ordered Plaintiff to supplement his motion with a sworn affidavit as related to the alleged property maintained by the City of Chicago, and set a "firm"

deadline to file a Second Amended Complaint of August 7, 2018 (Dkt. No. 131). During the hearing on July 17, 2018, Plaintiff's counsel specifically advised the Court that the Rule 60(b) Motion was only directed at the Defendant City of Chicago.[4]

**Plaintiff's Supplement 60(b) Motion**

22. On July 24, 2018, Plaintiff filed an Amended 60(b) Motion in which Plaintiff's counsel now pursues a remedy against FOP Defendants despite his representation during the hearing on July 17, 2018 that the motion was solely against the City of Chicago. The basis for the claim is FOP counsel's silence during an exchange between Plaintiff's counsel and other Defendants' counsel during a previous status hearing regarding their knowledge of Plaintiff's request for items from the CPD. This silence is indicative of nothing and no where near an appropriate basis upon which to hold FOP Defendants liable for Plaintiff's fees or any other damages.

23. On July 26, 2018, pursuant to the City of Chicago's Request to Respond to Plaintiff's Rule 60(b) Motion, this Court ordered the City of Chicago to respond to the Motion by August 17, 2018 and Plaintiff to reply by August 22, 2018, and took the other Defendants' oral objections to the Motion under advisement. The Court reiterated that the August 7, 2018 deadline for Plaintiff to file a Second Amended Complaint "remains firm" (Dkt. No. 134).

**Plaintiff Request Another Extension of Time to File Seconded Amended Complaint**

24. On July 31, 2018, Plaintiff filed a Motion requesting another extension of time in which to file the a Second Amended Complaint (Dkt. No. 136). The Motion is based on the alleged effects of Plaintiff's attorney's fall on June 4, 2018. Since June 4, 2018 however, Plaintiff's attorney

---

[4]FOP Defendants have ordered the transcript of the July 17, 2018 hearing and will supplement its Exhibits upon receipt.

9

filed a 23 page Rule 60(b) Motion and a 32 page Amended 60(b) Motion and attended three hearings <u>without</u> mentioning a concern regarding his ability to file a Second Amended Complaint on August 7, 2018 based on his health. Indeed, at these hearings the Court specifically questioned Plaintiff's counsel on the status of completion of the Second Amended Complaint he intended to file. Again, Plaintiff's counsel did <u>not</u> raise any alleged health impediments.

25. Plaintiff's attorney is requesting that he be allowed to file a Second Amended Complaint after the Court rules on his Rule 60(b) Motion or, in the alternative, September 13, 2018. This request follows three notices from the Court of "firm" dates on which the Second Amended Complaint must be filed. (Dkt. Nos. 115, 122, 131, 134).

**Sanctions Are Appropriate**

26. A district court can impose 29 USC Section 1927 sanctions when an attorney has acted in an objectively unreasonably manner by engaging in a serious disregard for the orderly process of justice, pursues a claim that is without plausible legal or factual basis and lacking in justification, or pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. *Jolly Grp. Ltd. V. Medline Indus. Inc.*, 435 717, 720 (7th Cir. 2016 (citations omitted).

27. Plaintiff's counsel has not acted in an objectively-reasonable manner by including FOP Defendants in every pleading related to this matter regardless of whether the FOP Defendants were the subject of a claim; regardless of the undisputed fact that any of Plaintiff's claims against the FOP are untimely; and regardless of the absence of legal or factual support for any of the Counts against the FOP Defendants. Plaintiff's counsel has acted in bad faith and/or with a deliberate indifference to the law and the facts in this matter.

28. In addition, the FOP Defendants have repeatedly advised Plaintiff's counsel that the FOP Defendants should no longer be part of his ongoing cause of action against the City. Indeed, in April 2018, the Court strongly encouraged Plaintiff's counsel to "streamline" his case and eliminate defendants and for Plaintiff to focus on his strongest claims. As stated in *Jolly Group*, 435 F. 3d at 720 the Seventh Circuit has "also interpreted §1927 'to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *citing, Dahnke v. Teamsters Local 695*, 906 F. 2d 1192, 1201 n. 6 (7th Cir. 1990). Here, Plaintiff's counsel has ignored the warning of sanctions provided by FOP Defendants, the case law of the Seventh Circuit, his recent sanctions by Judge Coleman, multiple firm deadlines set by this Court and continued to litigate in Federal Court contrary to §1927.

29. The law of this case supports the conclusion that Plaintiff's counsel vexatiously multiplied and delayed these proceedings with multiple motions not grounded in law or fact. FOP Defendants have unnecessarily incurred significant attorneys' fees from the outset of this baseless litigation and in no uncertain terms, from the date on which the Court dismissed the Complaint as related to the FOP Defendants in March, 2018.[5]

WHEREFORE, the FOP Defendants respectfully request that the Court grant this Motion and dismiss the Complaint against the FOP Defendants with prejudice. In addition, FOP Defendants

---

[5] Since the Court granted the Motion to Dismiss in March 2018, FOP Defendants have incurred in excess of $7,500 in attorneys' fees for responding to multiple motions, attending numerous hearings and preparing the underlying motion despite that fact that Plaintiff has no Complaint presently on file.

request that the Court award costs and fees incurred in defending this case and for any other relief this Court deems just and appropriate.

                                               Respectfully submitted.

                                               /s/   Catherine M. Chapman
                                             Attorney for Defendants,
                                             Fraternal Order of Police, Chicago Lodge No. 7
                                             and Ray Casiano, Jr.

Catherine M. Chapman
Brian C. Hlavin
Pasquale A. Fioretto
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail:
bhlavin@baumsigman.com
cchapman@baumsigman.com
pfioretto@baumsigman.com

I:\FOP\Gonzalez\#27052\Motion for Sanctions 08-02-18.cmc.ww.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Defendants Fraternal Order of Police, Chicago Lodge No. 7 and Ray Casiano, Jr.'s Motion for Sanctions) with the Clerk of Court using the CM/ECF system, this August 2, 2018, which will send an e-mail notification of such filing to the following attorneys of record:

Attorney for Plaintiff
Robert D. Shearer, Jr.
1400 W. Sherwin Ave.
Chicago, IL 60626-2004
Email: shearerlaw@outlook.com

Attorneys for City Defendants
Mark J. Bereyso - Rena M. Honorow
Timothy Swabb - Susan Margaret
Assistants Corporation Counsel
City of Chicago, Department of Law
Employment Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, IL 60603
Email: mark.bereyso@cityofchicago.org;
    rena.honorow@cityofchicago.org
    Timothy.swabb@cityofchicago.org;
    susan.o'keefe@cityofchicago.org

Attorneys for Jacqueline Ellison, John Escalante, Eddie Johnson, Garry McCarthy, Donald O'Neill, Juan Rivera, Eugene Williams (Defendants)
Melissa F. Gold
Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, IL 60603
Email: melissa.gold@cityofchicago.org

Attorneys for Defendant Sergeants
Jessica Gomez-Feie
Anna D. Walker
Dana M. O'Malley
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 1020
Chicago, IL 60603
Email: jessica.gomez-feie@cityofchicago.org;
    anna.walker@cityofchicago.org
    dana.pesha@cityofchicago.org

    /s/ Catherine M. Chapman
    Attorney for Defendants,
    Fraternal Order of Police, Chicago Lodge No. 7
    and Ray Casiano, Jr.

Catherine M. Chapman
Brian C. Hlavin
Pasquale A. Fioretto
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail:
cchapman@baumsigman.com
bhlavin@baumsigman.com
pfioretto@baumsigman.com
I:\FOP\Gonzalez\#27052\Motion for Sanctions 08-02-18.cmc.ww.wpd